# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
### ALEXANDRIA DIVISION

| | |
|---|---|
| **DAHN HUE NGUYEN** | **CIVIL ACTION NO. 25-1249** |
| **VERSUS** | **JUDGE EDWARDS** |
| **MELISSA HARPER, ET AL** | **MAG. JUDGE PEREZ-MONTES** |

## MEMORANDUM ORDER

Pending before the Court is an Emergency Motion for a Temporary Restraining Order filed by Dahn Hue Nguyen ("Petitioner").[1] Having carefully considered Petitioner's submissions, the applicable law, and after a conference with the counsel for the Petitioner and Respondents,[2] the motion is **DENIED**.

The record before the Court indicates that Petitioner, a citizen of Vietnam, was ordered to be removed from the United States and returned to Vietnam in April 1994.[3] He was released from custody under an Order of Supervision in October 1998, after the necessary travel documents to Vietnam could not be obtained.[4] He annually reported to Immigration and Customs Enforcement ("ICE") under his Order of Supervision without any noted violations.[5] Twenty-seven years without a violation, a marriage to a U.S. citizen, three children, and two businesses later, on or about June 11, 2025, Petitioner was detained by ICE in Miami, Florida and then transferred to

---

[1] Doc. 5.
[2] Melissa B. Harper, United States Immigration and Customs Enforcement, Kristi Noem, Pamela Bondi, and Todd M. Lyons.
[3] Doc. 1, p. 5.
[4] Doc. 1, p. 6.
[5] Doc. 1, p. 6-7.

the ICE detention facility in Jena, Louisiana.[6] Petitioner asserts that he was never provided notice as to why his supervision was revoked nor was he advised of any changed circumstances to support the revocation of his release.[7]

While in custody, Petitioner has assisted ICE in facilitating the issuance of travel documents to Vietnam.[8] Petitioner filed his habeas petition on August 27, 2025.[9] On August 30, 2025, he was moved to an ICE final staging facility in Arizona.[10] The instant motion was filed on September 1, 2025, seeking, *inter alia,* an order staying his removal.[11] On September 2, 2025, the Court convened a telephone conference with counsel for Petitioner and Respondents. In this conference, counsel for Respondents confirmed that Petitioner's removal is imminent and likely to occur this week.

An applicant for a temporary restraining order must demonstrate each of the following: (1) a substantial likelihood her cause will succeed on the merits, (2) a substantial threat of irreparable injury if the injunction is not granted, (3) the threatened injury outweighs the threatened harm the injunction may do to the opposing party, and (4) granting the injunction will not disserve the public interest.[12] The extraordinary relief of a temporary restraining order should not be granted

---

[6] Doc. 1, p. 2.
[7] Doc. 5-2, p. 5.
[8] Doc. 1, p. 7.
[9] Doc. 1.
[10] Doc. 5-1, p. 2.
[11] Doc. 5.
[12] *See Misquitta v. Warden Pine Prairie ICE Processing Center*, 353 F.Supp.3d 518, 521 (W.D.La. Nov. 16, 2018) (citing *Piedmont Heights Civic Club, Inc. v. Moreland*, 637 F.2d 430 (5th Cir. 1981)).

unless the movant clearly carries the burden of persuasion as to all four requirements.[13]

Here, Plaintiff's motion fails to satisfy the first element required for the Court to grant a temporary restraining order. The facts alleged by Petitioner confirm that he has a final order of removal and has assisted ICE in obtaining the travel documents for his removal to Vietnam. It is undisputed that the government may revoke supervision to enforce a removal order.[14] Counsel for Respondents has confirmed that the purpose of the revocation of Petitioner's supervision is to effect Petitioner's removal order. While the Court finds Petitioner's twenty-seven year history compelling, under the evidence presented, the Court must conclude that the Petitioner is not likely to succeed on the merits of his claim that the government violated its regulations when it revoked his supervision to effect his removal.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Motion for a Temporary Restraining Order is **DENIED**.

**THUS DONE AND SIGNED** in Chambers this 2nd day of September, 2025.

_____

**JERRY EDWARDS, JR.**
**UNITED STATES DISTRICT JUDGE**

---

[13] *Ocean Sky Int'l, LLC v. LIMU Co., LLC,* 2019 WL 4724803, Civ. Action No. 18-0528 (W.D. La. 09/26/2019) at *5.
[14] 8 C.F.R. § 241.4(l)(2)(iii).